**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dianna Lynn Demaree, | No. CV-17-00294-TUC-EJM |
| Petitioner, | **ORDER** |
| v. | |
| David Sanders, et al., | |
| Respondents. | |

Petitioner Dianna Lynn Demaree filed an amended Petition for a Writ of Habeas Corpus ("PWHC") pursuant to 28 U.S.C. § 2254 on May 5, 2017.[1,2] (Doc. 5). Petitioner raises one grounds for relief alleging that her Fifth Amendment Due Process rights were violated by the state courts because the trial court lacked subject matter jurisdiction under the federal preemption doctrine and the supremacy clause. (Doc. 5 at 6).

Respondents filed an Answer contending that the PWHC is untimely and that equitable tolling is not warranted to excuse the untimely petition. (Doc. 16). Respondents further assert that Petitioner's claim has no merit.

---

[1] Petitioner's original PWHC was filed on May 4, 2017 and also listed her brother and co-defendant, Brian Demaree, as a petitioner. (Doc. 2). The PWHC was refiled as an amended petition on May 5, 2017 to include the civil cover sheet. (Doc. 5). On June 26, 2017, the Court ordered this action severed to avoid logistical problems because Dianna Demaree and Brian Demaree had not followed the same course of action with regard to post-conviction proceedings. (Doc. 1). The Clerk of Court opened this case number for Dianna Demaree. Brian Demaree's case number is CV-17-00294-TUC-EJM. The Court shall issue a separate order addressing Brian Demaree's petition.

[2] Petitioner previously filed a habeas petition in this Court on March 12, 2014 in case number CV-14-1961-CKJ-LAB. That action was dismissed without prejudice so that Petitioner could exhaust her claims in state court.

1     Petitioner did not file a Reply.

2     The Court concludes that Petitioner's PWHC is untimely and that Petitioner has not shown that she is entitled to equitable tolling to excuse her untimely filing. Accordingly, the petition will be denied and dismissed with prejudice.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

### A. Plea and Sentencing

On February 6, 2014, Petitioner pled guilty to one count of criminal impersonation in Pima County Superior Court. (Doc. 16 Exs. H & I).

On March 24, 2014 the court sentenced Petitioner to 3 years probation, and as a condition of probation, ordered that Petitioner spend 30 days in jail. (Doc. 16 Exs. K & SS).

The presentence report summarized the facts of the case (Doc. 16 Ex. J) as noted in Respondent's Answer (Doc. 16 at 3). All parties are familiar with the facts and for brevity's sake the Court will not repeat them here.

### B. Motion to Dismiss and Petition for Special Action

Prior to pleading guilty, Petitioner filed a motion to dismiss the indictment for lack of subject matter jurisdiction on January 8, 2013. (Doc. 16 Ex. D). The trial court denied the motion and found that the Arizona statutes involved in Petitioner's case were not preempted or otherwise in conflict with the federal statutes. (Doc. 16 Ex. F).

Petitioner then filed a special action in the Arizona Court of Appeals on January 7, 2014, again arguing that the trial court did not have jurisdiction. (Doc. 16 Ex. N). The COA declined to accept jurisdiction of the special action and subsequently denied Petitioner's motion for reconsideration. (Doc. 16 Exs. R & T).

Petitioner filed a petition for review with the Arizona Supreme Court on March 4, 2014 (Doc. 16 Ex. V), which denied review on July 7, 2014. (Doc. 16 Ex. Y).

**C. Petition for Post-Conviction Relief[3, 4]**

On June 16, 2014, Petitioner initiated proceedings in Pima County Superior Court for Rule 32 post-conviction relief ("PCR"). (Doc. 16 Ex. AA). On February 2, 2015, Petitioner filed her of-right PCR petition, arguing that the court should vacate her conviction and sentence because it had no subject matter jurisdiction over her indictment. (Doc. 16 Ex. DD).

The trial court denied PCR on April 9, 2015 and stated that although Petitioner raised the same arguments that she had presented in her motion to dismiss, the trial court would reconsider them in the PCR petition. (Doc. 16 Ex. GG). The court concluded that there was no express preemption provision in the federal statute and that Petitioner had failed to establish that preemption was the clear and manifest purpose of Congress. *Id.* at 136. The court found that a prosecution under state law would not frustrate or otherwise impede any federal statutory scheme and therefore denied the petition. *Id.*

Petitioner filed a petition for review with the Arizona COA on May 7, 2015 realleging the same argument regarding subject matter jurisdiction. (Doc. 16 Ex. HH). On July 29, 2015 the COA issued its decision granting review but denying relief. (Doc. 16 Ex. KK). The COA first stated that it was not clear whether Petitioner's conduct would be subject to prosecution under the federal statute that she cited. *Id.* at 188. The court concluded that even if Petitioner's conduct could be prosecuted pursuant to a federal

---

[3] Because Petitioner pled guilty to her charge, she could not file a direct appeal and could only challenge her conviction and sentence through a Rule 32 petition. *See* A.R.S. § 13-4033(B) ("In noncapital cases a defendant may not appeal from a judgment or sentence that is entered pursuant to a plea agreement or an admission to a probation violation."); Ariz. R. Crim. P. 32.1 ("Any person who pled guilty or no contest, admitted a probation violation, or whose probation was automatically violated based upon a plea of guilty or no contest shall have the right to file a post-conviction relief proceeding, and this proceeding shall be known as a Rule 32 of-right proceeding."); *Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007) (holding that an "'of right proceeding,' available under Arizona Rule of Criminal Procedure 32 to criminal defendants who plead guilty, is a form of 'direct review' within the meaning of 28 U.S.C. 2244(d)(1)(A).").

[4] The Arizona Rules of Criminal Procedure were amended effective January 20, 2020. New Rule 32 applies to defendants convicted after a trial, and new Rule 33 applies to pleading defendants. Because Petitioner's state court actions were filed prior to January 20, 2020 and she had no state court action pending at the time the new rules went into effect, former Rule 32 applies to Petitioner's case. *See* Arizona Supreme Court Order R-19-0012, available at https://www.azcourts.gov/rules/Recent-Amendments/Rules-of-Criminal-Procedure

statute, federal law did not preempt her prosecution under state law. *Id*. at 189–190. The court found that Petitioner had not met her burden to show that the trial court erred as a matter of law or otherwise abused its discretion and therefore denied relief. *Id*. at 190–191.

Petitioner did not file a petition for review with the Arizona Supreme Court.

### D. Habeas Petition

Petitioner filed her PWHC in this Court on May 5, 2017. (Doc. 5). Respondents contend that the PWHC is untimely and that Petitioner has not shown that she is entitled to equitable tolling or that she is actually innocent such that her petition should be considered timely. (Doc. 16). Respondents further contend that Petitioner's claim is without merit. For the reasons stated below, the undersigned finds that the PWHC is untimely and thus not properly before this Court for review.

## II. STATUTE OF LIMITATIONS

### A. Timeliness

As a threshold matter, the Court must consider whether Petitioner's PWHC is barred by the statute of limitation. *See White v. Klizkie*, 281 F.3d 920, 921–22 (9th Cir. 2002). The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Petitions for habeas corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244. The AEDPA mandates that a one-year statute of limitations applies to applications for a writ of habeas corpus by a person in state custody. 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) provides that the limitations period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made

    retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *Shannon v. Newland*, 410 F.3d 1083 (9th Cir. 2005). The one-year limitations period is tolled while a "properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2).

  The other subsections being inapplicable here, Petitioner must have filed her habeas petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see also McQuiggin v. Perkins*, 133 S. Ct. 1924, 1929 (2013). By pleading guilty, Petitioner waived her right to a direct appeal under Arizona law. However, she retained her right to seek review in an "of-right" PCR proceeding pursuant to Arizona Rules of Criminal Procedure 32, 32.1, and 32.4. Thus, her conviction became final upon "the conclusion of the Rule 32 of-right proceeding and review of that proceeding." *Summers*, 481 F.3d at 711.

  Petitioner was sentenced on March 24, 2014 and had 90 days from that date to file a notice of PCR. *See Summers*, 481 F.3d at 715 ("To bring an of-right proceeding under Rule 32, a plea-convicted defendant must provide to the Arizona Superior Court, within 90 days of conviction and sentencing in that court, notice of his or her intent to file a Petition for Post-Conviction Review.") (citing Ariz. R. Crim. P. 32.4(a)). The notice for PCR was timely filed on June 16, 2014.

  The trial court denied Petitioner's of-right petition for PCR on April 9, 2015. Petitioner had 30 days to file a petition for review with the Arizona Court of Appeals, and timely did so on May 2, 2015. *See* Ariz. R. Crim. P. 32.9(c) (requiring a petition for review that challenges the final decision in a PCR proceeding be filed with the Arizona Court of Appeals within 30 days). The COA denied relief on July 29, 2015. Petitioner then had 30 days to file a petition for review with the Arizona Supreme Court. *See* Ariz. R. Crim. P. 32.9(g) (petitions for review of decisions by the COA in Rule 32 actions are governed by

Rule 31.21, which provides that the petition for review must be filed no later than 30 days after the COA issues its decision). Petitioner did not file a petition for review in the Arizona Supreme Court. Therefore, Petitioner's judgment became final within the meaning of 28 U.S.C. § 2244(d)(1)(A) on August 28, 2015, 30 days after the COA issued its decision, when the time for seeking review in the Arizona Supreme Court expired. *See Gonzalez v. Thaler*, 132 S. Ct. 641 (2012) (holding that where a state prisoner does not seek review in a state's highest court, the judgment becomes "final" for purposes of § 2244(d)(1)(A) on the date that the time for seeking such review expires). AEDPA's statute of limitations began to run the next day, August 29, 2015, and continued to run, uninterrupted, until it expired one year later on August 29, 2016. *See Patterson v. Stewart*, 251 F.3d 1243, 1245–47 (9th Cir. 2001) (the limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)). Accordingly, Petitioner's May 4, 2017 PWHC is untimely, unless the statute of limitations was tolled. As discussed below, it was not.

**B. Equitable Tolling**

In certain limited circumstances, AEDPA's one-year filing deadline may be equitably tolled. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). A petitioner is entitled to equitable tolling if he can demonstrate "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way'" to prevent him from timely filing a petition. *Holland*, 130 S. Ct. at 2562 (quoting *Pace*, 544 U.S. at 418). An extraordinary circumstance is one that is "beyond a prisoner's control [that] make[s] it impossible to file a petition on time." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (citations omitted). And, to justify equitable tolling, the extra ordinary circumstance must be attributable to "external forces [] rather than a petitioner's lack of diligence[.]" *Id.* Further, a petitioner must establish a "causal connection" between the extraordinary circumstance and his failure to file a timely petition. *See Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1060 (9th Cir. 2007). "'[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (quoting *Miranda v. Castro*, 292 F.3d

1063, 1066 (9th Cir. 2002)).

Here, Petitioner has wholly failed to meet her burden. Petitioner did not address timeliness under AEDPA in her petition, and did not file a reply. This Court's review of the record does not reveal the existence of any extraordinary circumstances such that equitable tolling would be warranted. And, in any event, Petitioner's pro se status, indigence, limited legal resources, ignorance of the law, or lack of representation during the applicable filing period do not constitute extraordinary circumstances justifying equitable tolling. *See*, *e.g.*, *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009) ("A petitioner's misunderstanding of accurate information cannot merit relief, as equitable tolling requires a petitioner to show that some extraordinary circumstance[ ] beyond [his] control caused his late petition, and this standard has never been satisfied by a petitioner's confusion or ignorance of the law alone." (internal quotations and citation omitted)); *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) ("To apply the doctrine in extraordinary circumstances necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances stood in his way suggests that an external force must cause the untimeliness, rather than . . . merely oversight, miscalculation or negligence on the petitioner's part . . . ." (internal quotation marks and brackets omitted)).

Accordingly, the undersigned finds that Petitioner is not entitled to equitable tolling and the PWHC is untimely.

**III.    CONCLUSION**

Based on the above analysis, the Court finds that Petitioner's PWHC is barred by the statute of limitations. Accordingly,

**IT IS HEREBY ORDERED** that the Petition (Doc. 5) is denied and dismissed with prejudice. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** denying a Certificate of Appealability and leave to proceed in forma pauperis on appeal because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

Dated this 30th day of April, 2020.

_____
Eric J. Markovich
United States Magistrate Judge